NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO REYES-MARTINEZ, AKA Eduardo Reyes-Santander, AKA Carlos Santander, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70897 <br><br> Agency No. A076-211-691 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 2, 2021
Submitted September 20, 2021[**]
San Francisco, California

Before:  McKEOWN and IKUTA, Circuit Judges, and ERICKSEN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

1

Petitioner Eduardo Reyes-Martinez, a Mexican citizen and national, seeks review of a decision of the Board of Immigration Appeals ("BIA"). An Immigration Judge ("IJ") denied Petitioner's request for protection under the Convention Against Torture ("CAT"), and for withholding of removal from the United States based on fear of future persecution by Mexican police. The BIA's order affirmed that denial. Petitioner also challenges a regulation that prevents noncitizens subject to a reinstated removal order from applying for asylum.

We find that substantial evidence supported the IJ's order, and that Petitioner's challenge to the regulation precluding his asylum application must fail. Accordingly, we deny the petition.

This Court has jurisdiction to review final orders of removal under 8 U.S.C. § 1252. The BIA's denial of withholding of removal ("WOR") and CAT relief is reviewed for substantial evidence and will be upheld if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010); *Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011); *Haile v. Holder*, 658 F.3d 1122, 1130–31 (9th Cir. 2011)). The Court will reverse the BIA only if the evidence compels a contrary conclusion. 8 U.S.C. § 1252(b)(4)(A)–(B).

To obtain relief under the CAT, a petitioner bears the burden to prove that it is "more likely than not that he or she would be tortured" if removed to the proposed country of removal. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (citing 8 C.F.R. § 1208.16(c)(2)). Petitioner raises four arguments challenging the IJ's denial of CAT relief: (1) that the IJ failed to recognize that Mexican police officers who previously tortured Petitioner were public officials, and therefore applied the wrong legal standard regarding the Mexican government's acquiescence to torture; (2) that the IJ improperly placed the burden of proof on Petitioner to show his inability to safely relocate within Mexico; (3) that the IJ erroneously disregarded threats that Mexican police made against Petitioner; and (4) that the IJ failed to consider relevant evidence about past torture and country conditions. The BIA found that the IJ did not err with respect to the likelihood of torture, the government's acquiescence, or the possibility of relocation.

The record as a whole supports the IJ's finding that Petitioner did not show that he would more likely than not be tortured if he were removed to Mexico. The IJ adequately considered individualized evidence with respect to Petitioner's ability to relocate safely within Mexico. The IJ also considered relevant evidence about past torture and country conditions. Any error the IJ made as to whether the potential torturers Petitioner feared were public officials does not affect the IJ's

finding against a likelihood of future torture. Nor does the IJ's failure to consider evidence that Mexican police officers told Petitioner he would "get really beaten up" if he refused to pay them. Such a statement does not itself amount to torture or establish a specific threat of torture. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("[M]ost threats do not rise to the level of persecution."). Considering the record as a whole, substantial evidence supported the IJ's finding that Petitioner had not shown an individualized likelihood of torture. Petitioner is not entitled to relief under the CAT.

The IJ also denied Petitioner's request for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), because Petitioner did not show that he faced past persecution, or a "clear probability" of future persecution, based on a protected ground.[1] *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1130 (9th Cir. 2007). Petitioner claimed as a protected ground his membership in a social group comprised of "long term United States resident deportee[s] with family ties in the United States." We agree with the IJ and BIA's determination that Petitioner has failed to show a nexus between his membership in the proposed social group and a history or particularized fear of persecution. We therefore need not decide whether membership in this group is cognizable as a basis for protection from persecution.

---

[1] A protected ground may be "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

Petitioner also challenges a Department of Homeland Security regulation that prevents noncitizens subject to a reinstated removal order from applying for asylum. 8 C.F.R. § 1208.31(e). Petitioner contends that this regulation contravenes 8 U.S.C. § 1158(a)(1), which allows "[a]ny alien who is physically present in the United States . . . irrespective of such alien's status, [to] apply for asylum." This argument is foreclosed by circuit precedent addressing this exact question and upholding the challenged regulation. *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1079 (9th Cir. 2016). And contrary to Petitioner's assertions, no intervening change in law supports revisiting that precedent.

**PETITION FOR REVIEW DENIED.**[2]

---

[2] Accordingly, Petitioner's Motion to Supplement the Record on Appeal [ECF No. 13] is denied as moot.